UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEILAN GUZMAN-JARQUIN , <br><br>                                    Petitioner, <br><br> v. <br><br> PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; et al., <br><br>                                    Respondents. | Case No.:  26-cv-514-BJC-JLB <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[ECF No. 1]** |

Before the Court is Meilan Guzman-Jarquin's ("Petitioner") petition for a writ of habeas corpus that was filed on January 27, 2026.  ECF No. 1.  On February 9, 2026, Respondents filed a return, ECF No. 4, and Petitioner did not file a traverse.

## I.    BACKGROUND

On August 9, 2023, Petitioner entered the United States without inspection near San Ysidro, California.  ECF No. 4 at 2.  She was apprehended by Custom Border Patrol and taken into custody.  *Id.*  On August 10, 2023, Petitioner was issued a Notice to Appear and was released on an order of her own recognizance.  On November 25, 2025, she left the

1

United States and went back to Mexico. *Id.* On December 5, 2025, Plaintiff again entered the United States without inspection or valid entry documents. *Id.* She was apprehended and detained by U.S. Border Patrol. *Id.* She has remained in detention since her arrest on December 5, 2025. *Id.*

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

### A.        Jurisdiction under 8 U.S.C. § 1252(g)

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective

26-cv-514-BJC-JLB

was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, she challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional duties. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

**B.      Bond Eligibility Under *Maldonado Bautista***

Under *Bautista v. Santacruz*, No 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), noncitizens without lawful status are subject to detention under 8 U.S.C. § 1226(a) and are entitled to a bond hearing if the noncitizen: (1) entered the United States without inspection; (2) was not be apprehended upon arrival; and (3) is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Petitioner contends that she is part of the *Bautista* bond eligible class. ECF No. 1 at 6. Respondents argue that Petitioner fails to meet the requirements of the class. ECF No. 4 at 4. The Court agrees with Respondents.

Petitioner does not qualify as a *Bautista* bond-eligible class member because she fails to satisfy the second requirement-- she was apprehended upon arrival. Both times the Petitioner entered the United States, she was apprehended upon arrival. When she first entered the United States on August 9, 2023, she crossed the border at approximately 12:05 p.m. and was apprehended at 12:14 p.m. ECF No. 4-1 at 2-3. Next, Petitioner entered the United States on December 5, 2025, at approximately 12:10 p.m., and she was apprehended at 12:57 p.m. ECF No. 4-1 at 8.

26-cv-514-BJC-JLB

## IV.   <u>CONCLUSION</u>

Accordingly, because Petitioner was apprehended upon arrival, she cannot satisfy the second prong of the *Bautista* standard. She therefore is not a member of the *Bautista* bond-eligible class and is not entitled to relief on that basis.  The petition is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated:  February 27, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-514-BJC-JLB